INGERSOLL *v.* THE STATE.

INGERSOLL
*v.*
THE STATE.  The liquor law of 1855 expressly repealed that of 1853; and the Supreme
Court having been for about three years equally divided upon the question
of the constitutionality of that portion of the act of 1855 inhibiting the retail
of liquors, which division left that part of the act in force during that period,
—*held*, that although the entire act of 1855 has been finally declared void,
it cannot be justly held that the act of 1853 was in force during that time.

Monday,
January 10,      APPEAL from the *Sullivan* Court of Common Pleas.
1859.
PERKINS, J.—Prosecution against *Daniel Ingersoll* for
misdemeanors.

The information contains two paragraphs—one charg-
ing that said *Ingersoll* kept a tippling-house in a riotous
and disorderly manner, to the great annoyance of the
neighborhood, &c.; the other, that he sold spirituous liquor
by retail, without a license pursuant to the liquor act of
1853.

·The state elected to prosecute under the second para-
graph. The defendant was convicted. The first para-
graph contains a substantially good charge of a public
nuisance at common law (*The State* v. *Millikin*, 8 Blackf.
260); and was sustainable under §§ 8, 9, 10, of the general
act for the punishment of misdemeanors. 2 R. S. pp. 428,
429.

But as this paragraph was abandoned by the prosecutor,
we need not further notice it. The second paragraph, as
we have said, was for retailing in violation of the act of
1853.

We think the conviction on this paragraph cannot be
sustained. The prosecution was commenced after the
liquor law of 1855 went into force, which law expressly re-
pealed the act of 1853.

We will very briefly state our reasons for this position.
In 1853, the legislature enacted a liquor law to take effect
upon conditions. This Court held those conditions void,
and made the law absolute. *Maize* v. *The State*, 4 Ind.
R. 342.

The Court, in so doing, probably strained a principle,

viz., that a law may be void in part and valid in part, beyond its just application, in order that the state might not be left without some regulation of the liquor traffic.

In 1855, the legislature enacted another liquor law, and expressly repealed all former laws in conflict with it.

This law went into operation, was acted under, and was not judicially annulled till about three years had elapsed from the time of its going into force. It was not annulled by the decision in *Beebe* v. *The State* [6 Ind. R. 501]. The Court, in that case, was equally divided upon the portion of the law inhibiting the retail of liquors, and left that portion of it in force, by the application of the same principle that had continued in operation the act of 1853, as above stated. The law was not annulled till the new Court came upon the bench, when, in the case of *Howe* v. *The State*, 10 Ind. R. 423, decided on the 19th of *June*, 1858, the Court unanimously pronounced the law void.

Under such circumstances, it would be unjust—would be a violation of all principles of right—to hold that the act of 1853 was all this time in force, and the people incurring its penalties. It would make the law a concealed trap to catch victims.

Hitherto the Court has avoided expressing an opinion, it not having been absolutely necessary, as to the repeal of this law, feeling that the uncertainty, even, existing upon the question, might operate to some extent, in restraining the retail of intoxicating liquors. But now that a session of the legislature has commenced, it is highly proper that the question should be decided, that that body may know just how the question stands, and provide a remedy for the evil.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*S. Coulson,* for the appellant.