<div style="text-align:center">STATE <em>against</em> G. S.</div>

INDICTMENT for stealing one bushel of wheat in the chaff, on the second day of *March, Anno Domini one thousand eight.*

<div style="text-align:center">Verdict guilty.</div>

In the copy delivered to the prisoner the year was rectified to one thousand eight hundred, and the defect was not noticed during the trial.

Defendant now moved in arrest of judgment, that the verdict might be set aside, and he go without day:

Because there is no date of the year set forth in the indictment in which the offence is alleged to have been committed, and if any, that the same is repugnant and impossible,

<div style="text-align:right; font-style:italic">Every sufficient indictment must set forth the day, month and year, and in cases of burglary <em>the hour</em> when the offence was committed; and though another day may be shewn in evidence on trial, yet it must be a day within the term prescribed by the statute of limitations, and the day set forth in the indictment must be also some day within the statute time, or the indictment will be insufficient.</div>

*Amos Marsh,* in support of the motion.

Though the date of the day, month and year in which a crime is alleged to have been committed in an indictment be not material in evidence, it is yet of importance as it respects the records of the Court.

It is also material, as it respects the statute of limitations.

On the first point we observe, that the Court will preserve their records from all inconsistencies, gross inconsistencies at the least.

If the Court should sanction this indictment, and proceed to sentence the prisoner, how would the record appear?

The prisoner may be offered as a witness in some foreign Court. To do away his competency a copy of the record may be produced; and it would appear that the Supreme Court of *Vermont* had convicted a man of an offence alleged in the indictment to have been committed before the *Norman* conquest.

By the common law it has ever been considered as material to set forth in an indictment the day, month and year, and even the hour when the time of day is necessary to ascertain the nature of the offence. *Hawkins' Pleas of the Crown,* vol. 2. p. 325. 334, 335. *Hale's P. C.* vol. 2. p. 177. *Com. Dig.* vol. 4. p. 393.

If the indictment lay the offence on an impossible day, or on a day that makes the indictment repugnant to itself, it is insufficient. *Hawk. P. C.* c. 25. s. 77.

In support of the second point we observe, that section 3. of the limitation act limits the prosecution for theft to six years after the commission of the offence, and not afterwards; and that no dispute might

*Vermont* Stat. vol. 2. p 406.

arise respecting dates, section 5. provides, that the clerk shall minute on the indictment under his official signature, the true day, month and year in which the same is exhibited in Court.

The language of the Legislature is plain. Look within the body of the indictment for the precise time in which the offence is alleged to have been committed. Inspect the indorsement for the clerk's minute of the time of the exhibition of the indictment in Court. Compare the several dates. If they differ more than six years in case of larceny, then the indictment is insufficient.

State Attorney. For the government we contend, that the day, month and year is sufficiently set forth in the indictment. The second day of *March, Anno Domini* one thousand eight, must be considered to intend the second day of *March* one thousand eight *hundred.*

The expression in the indictment carries this idea so naturally and forcibly to the comprehension of all unprejudiced minds, that it is observable, that during the whole course of the trial, this supposed defect was not noticed. The Petit Jury considered it to mean the year eighteen hundred when the indictment was read to them in their charge. The prisoner himself so understood it when the indictment was read to him on his arraignment, and it was left to the critical acumen of the learned and ingenious counsel to discover and apply a meaning to it pregnant with absurdity.

In the construction of indictments as well as statutes, they are to be so construed as to render them

consistent, if it can be done without violence to the wording of them. If the indictment was originally defective in this part, we submit to the Court if it is not one of those minor defects cured by the verdict.

But we shall contend that it is not defective. An indictment which sets forth the crime to have been committed at a time before or after the precise day of the actual commission of the offence, is sufficient. *Com. Dig.* vol. 4. p. 393.

All the authorities say the time is immaterial, and that the true question is, is the allegation sufficient?

If the time set forth does not express the year 1800, yet it expresses *a time past*, and not a time future, which we concede would be an impossible time.

It is said the time set forth in the indictment is that from which the limitation is to be computed, put in opposition with the clerk's minute of the exhibition of it in Court.

We consider the date of the clerk's minute to be one point of computation; the other is not the allegation of the time of the commission of the offence set forth in the indictment, but the actual time shewn in evidence. The whole current of the practice of the Court has been to decide on testimony offered in criminal trials on the point whether within or beyond the statute of limitations in the nature of demurrer to such evidence.

Reverse this practice. Suppose a person charged with the crime of theft, and the indictment should set forth the offence to have been committed *infra sex annos*, and the Court held the respondent to the day alleged, and it should appear by plenary proof

that the offence was actually committed twenty years
before the time allegated in the indictment,  must the
defendant be estopped from sheltering himself by the
statute of limitations ?

*Marsh.*   Mr. Attorney seems himself to doubt
whether *one thousand eight* can be understood to in-
tend *eighteen hundred.*  He therefore submits to the
consideration of the Court, whether this defect is not
cured by the verdict.

We believe  that the doctrine does not apply to
criminal process.   In the systematical writers, under
the head of what defects may be cured by verdict,
all the cases are of a civil nature.

But it is objected, that if the time alleged in the
indictment is relied upon to compute the term of the
statute limitation, a person might in a supposed case
be excluded from the privilege of it, though the time
of the actual commission of the offence would have
brought him within the statute of limitations ; but
because the person charged may avail himself of the
time set forth in the indictment to ground his bar in
limitation upon, *non constat* that when the actual
time of the commission of the offence is shewn in
evidence, he may not avail himself of the privilege
secured to him by the statute of limitations by parol
demurrer to such evidence on trial.

The truth is, the prisoner has a right to many in-
dulgences, and that in favour of innocence ; for the
law views every man innocent until final judgment
be passed against him; and a well ordered govern-
ment never delights in conviction.

State
v.
G. S.

The Chief Judge delivered the opinion of the Court.

The Court consider the indictment so radically defective, that no judgment of conviction can be rendered upon it.

Every sufficient indictment must set forth the day, month and year, and in cases of burglary *the hour* when the offence was committed; and though another day may be shewn in evidence on trial, yet it must be a day within the term prescribed by the statute of limitations, and the day set forth in the indictment must be also some day within the statute time, or the indictment will be insufficient.

Judgment arrested, and the prisoner discharged.

*W. C. Harrington*, State Attorney.
*Amos Marsh*, for defendant.