THE STATE, WILLIAM F. ROSSELL, PROSECUTOR, v. CHARLES. E. GARON.

The mere power given to the borough of Pemberton to license lager beer saloons does not carry with it by implication the right to prohibit ab-· solutely the sale of beer by the quart.

On *certiorari.*

Argued at November Term, 1887, before Justices DEPUE,. VAN SYCKEL and KNAPP.

For the plaintiff, *J. C. Hendrickson.*

For the defendant, *Mark R. Sooy.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The relator was convicted of violating an ordinance of the borough of Pemberton which forbids the sale of lager beer in any quantity.   The act of 1871 (*Pamph. L., p.* 1517, § 6) gives Pemberton the power to license inns and lager beer saloons.   The offence imputed to the prosecutor consisted in selling beer by the quart.

In *Hershoff* v. *Beverly,* 16 *Vroom* 288, and *Staats* v. *Washington,* 16 *Vroom* 318, this court held that a power to license places for the sale of fermented liquors, granted to a city where such places were unrestrained by general law, coupled with the general power to pass ordinances for promoting the peace and good order of the city, justifies an ordinance which forbids any sale of such liquors in unlicensed places.

There is no general power conferred upon the borough of Pemberton to pass ordinances for promoting the peace and good order of the borough.   The mere power to license lager· beer saloons does not carry with it by implication the right to· prohibit absolutely the sale of lager beer by the quart.

The general law of April 4th, 1872 (*Rev.*, *p.* 494, *pl.* 52),. provides that it shall not be lawful to sell lager beer in less quantity than a quart without a license first had for that purpose from the judges of the Court of Common Pleas of the county, or from the other authorities now having power by law to grant licenses. Where, therefore, the special authority granted to the municipality is merely to license lager beer saloons, the inference from the general law is very decided that the special power is limited to the licensing to sell by less quantity than one quart.

The conviction should be set aside.