JOHN BUCK, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

1. In a county which includes within its territorial limits incorporated cities, boroughs, towns and townships, which by their charters provide for the control, licensing and regulation of the sale of spirituous, vinous, malt or brewed liquors, an indictment against any persons for the sale of such liquors without a license, or for the keeping of a disorderly house because of the habitual or other sale of such liquors by the keeper thereof, without a license, must contain, as necessary and essential to the validity of the indictment, an averment of the city, borough, town or township in the county in which the sale or sales which constitute the offence charged occurred.

2. Under such an indictment, evidence showing sales outside the limits of the city, borough, town or township, in which they are averred in the indictment, is not admissible and will not sustain the indictment.

3. An indictment which averred that such sales were made at the city of Bridgeton, in the county of Cumberland, the charter of which provides (*Pamph. L.* 1875, *pp.* 354, 368; *Gen. Stat., p.* 1799, § 60; *Pamph. L.* 1864, *p.* 545, § 17) for the license, control and regulation of the sales of such liquors, cannot be sustained by the proof that sales of such liquors were made, by the person charged with such sales, outside of the limits of the city of Bridgeton, in a township of which the city forms no part.

---

On error to the Cumberland Quarter Sessions.

Argued at February Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL and LIPPINCOTT.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *William A. Logue.*

The opinion of the court was delivered by

LIPPINCOTT, J.    This writ of error removes into this court for review the judgment of the Court of General Quarter Sessions of the Peace of the county of Cumberland, upon a conviction under an indictment against the plaintiff in error, for the illegal sale of spirituous liquors.

The indictment, in its several counts, avers that the defendant, not being licensed to keep an inn or tavern, or to sell spirituous, vinous, malt or brewed liquors, with the sale by retail of such liquors at the city of Bridgeton, in the county of Cumberland.    One count of the indictment charges the defendant with the keeping of a disorderly house because of certain alleged sales of such liquor in his place within such city.

On the trial of the defendant no evidence was offered or produced of any sale or sales of liquor within the territorial limits of the city of Bridgeton in any quantity whatever.

The trial court admitted evidence, against objection and over exception, of the sales of liquor by the defendant in one of the townships of the county, about two miles south of, and outside of the limits of the city.    The city of Bridgeton is not within the territorial limits of any township of that county.    An exception was duly taken to the admission of this evidence, and error has been assigned thereon.    The trial court was requested to charge the jury "that if they found no act of selling any of such liquors within the limits of the city, as laid in the indictment, then they should render a verdict of not guilty."    This request was refused, and the court charged the jury "that if they found the defendant sold the liquor in a quantity of less than five gallons anywhere in the county of Cumberland, outside the limits of the city of Bridgeton, they would be authorized to find the defendant guilty as charged in the indictment."    The court refused to charge as requested, to which refusal an exception was taken. Exception was also taken to the charge in this respect, to which reference has been made.    Upon these exceptions also error has been assigned.

The question which arises is whether, in order to sustain a conviction, the sales of liquor upon which the conviction was founded must be proved, as laid in the indictment, to have taken place at the city of Bridgeton.

By the twenty-ninth section of an act of the legislature, entitled "An act to revise and amend the charter of the city of Bridgeton," approved March 25th, 1875 (*Pamph. L., pp.* 354, 368), it is enacted "that the sole and exclusive power to grant licenses to persons to keep inns and taverns within said city and to prohibit the keeping of the same except by persons duly licensed, shall be vested in the city council on such terms and under such limitations, regulations and restrictions as the said city council shall by their ordinances impose."

By the twenty-sixth section of the same act it was enacted "that the city council shall have power within the city to make, establish, publish and modify, amend and repeal ordinances for the following purposes:

"IV. To license and regulate restaurants, victualing-houses or cellars, ale and lager beer saloons or gardens, billiard tables, bowling alleys, shooting galleries and other places of amusements, and to fix the sums to be paid for license and to prohibit the keeping of the same except by persons duly licensed."

Under these statutes the sole power to license inns and taverns and ale and beer saloons in the city of Bridgeton, if the council chooses to pass an ordinance therefor, is vested in the common council of the city.

The power to license inns and taverns and ale and beer saloons in the townships of the county of Cumberland is vested in the Court of Common Pleas of the county. *Gen. Stat., pp.* 1788, 1799, §§ 1, 60 *et seq.* See, also, *Pamph. L.* 1864, *p.* 545, § 17.

Upon the trial of this indictment for the sale of liquors without license at the city of Bridgeton, the proof of a license of the common council to sell such liquors would constitute a perfect defence, but such license would constitute no

defence whatever to such sale in any of the townships of the county. In the latter case it is only the license of the Court of Common Pleas which would justify such sales.

The general rule is that, in indictments for offences of commission, every act which is a necessary ingredient in the offence must be laid with time and place, and in practice this is, or is considered to be, repeated in every averment of the criminal act. *Hale P. C.* 178; *Cro. Jac.* 41; *Arch. Cr. Pl.* 11.

At common law it was necessary to lay, as the place of the commission of the offence, besides the county, some particular vicinage, of such dimensions that all living in it might be supposed to have knowledge of the transaction inquired into. 2 *Hawk. Cr. L.* 22. By statute 6 *Geo.* 4 it was sufficient to aver the county as the place of commission. In the United States this practice has been generally accepted, to lay the commission of the offence within the county where the county is conterminous with the jurisdiction of the court (*Whart. Pl. & Pr.* (8th ed.) 146; *Whart. Cr. Ev.*, § 107; *People* v. *Pauperite,* 6 *Cal.* 202), though it is otherwise when the jurisdiction of the court embraces but a part of the county. 2 *Hale P. C.* 166; *McBride* v. *State,* 10 *Humph.* 615; *People* v. *Barrett,* 1 *Johns.* 66; *State* v. *G. S.,* 1 *Tyler* 295; *State* v. *Jones,* 4 *Halst.* 357. And, also, this would be otherwise when different statutes relating to and regulating the subject-matter of the offence prevail in the respective municipal subdivisions of a county.

It was necessary, in this indictment, to comply with these rules to aver the place of the commission of the offence, and whilst the jurisdiction of the trial court was conterminous with the county so far as the jurisdiction of the offence of sales without license was concerned, yet the laws applicable to licenses for, and the regulation of, the sales of such liquor differed in the city of Bridgeton from the statutes relating thereto which prevailed in the other portions of the county. A sale without a license was an essential ingredient of the offence, and the notice to the defendant by indictment was that he would be called upon to justify such a sale in the city

of Bridgeton by a license granted to him by the common council of that city, and not by a license to make such a sale in any of the townships of the county. In view of the statutes, it was a local offence, and its commission necessarily attached to a particular place. *Paul* v. *Gloucester*, 21 *Vroom* 585; *State* v. *Fay*, 15 *Id.* 474.

In New York it was held that when, in an indictment for arson, the tenement was averred to be in the Sixth ward, and the proof was that it was in the Fifth ward, the variance was fatal. *People* v. *Slater*, 5 *Hill* 401.

If the illegality of the sale of liquor depends upon its having been made within a particular portion of the county, such as a certain city or township, the sale must be so charged in the indictment and proved as laid. *R.* v. *St. John*, 9 *Car. & P.* 40; *Whart. Cr. Evid.*, § 109; *Whart. Cr. Pl. & Pr.* (*6th ed.*) 145. This is rendered necessary in some cases by reason of the difference of penalties provided by the statute for selling by retail in different places. *Grimme* v. *Commonwealth*, 5 *B. Monr.* 263; *State* v. *Peterson*, 38 *Minn.* 143; *Rogers* v. *State*, 29 *Vroom* 220. In some municipalities, under ordinances duly authorized, sales can only be punished in the manner provided by such ordinances.

*Young* v. *Commonwealth*, 14 *Bush* (*Ky.*) 161, was a case where a general law in relation to the sale of liquor was in force, and also a local option law applicable to counties and subdivisions of counties, and the court held the indictment should allege the place of sale, and prove it as laid to constitute the offence, *i. e.*, in Civil District, No. 5.

In *Commonwealth* v. *Barnard*, 6 *Gray* 488, it was said that in a county in which there are incorporated towns and cities, and they are invested with more or less power to regulate the traffic in liquor, it would seem more appropriate to name the town or city in the indictment.

And an indictment for selling liquor contrary to the statute should state the place where and the time when the sale was made. 10 *Am. & Eng. Encycl. L.* 766, and cases cited. *Black Intox. Liq.*, § 461.

The lawful traffic of the sale of such liquors is had under a license for that purpose designating the borough, town, township or city.  The offence of the unlawful sale is committed by a sale at such a place without a license to sell at such a place.  An indictment on familiar principles should aver the commission of the offence with such certainty as to give notice of the character of the offence charged and to distinguish it from other offences of a kindred nature.  It is the right of the defendant to know what defences he can make to the specific offence alleged in the indictment.  He may be licensed to sell at one place in the county, and relying on his license, and the consciousness of having sold at no other place, would confidently go into the trial, and yet be met by proof of sales at another place.  This proof the defendant could not anticipate, yet if it had been averred in the indictment against him he might have prepared himself with testimony to repel it.  It can be readily alleged in any given case where the sale was made, and this averment is material to the rights of the defendant, and the evidence must be confined to its proof.

The conclusion reached is that evidence of sales at other places than in the city of Bridgeton should not have been admitted, and that the request to charge that if the jury found no act of selling any such liquors within the limits of the city of Bridgeton, as laid in the indictment, then they should render a verdict of not guilty, should have been made.

The judgment must be reversed and a venire *de novo* awarded.