GEORGE SCHLACHTER, PROSECUTOR, v. EDWARD H. STOKES, TREASURER OF THE CITY OF MILL-VILLE.

ION E. TERRY, PROSECUTOR, v. THE SAME.

Submitted December 7, 1898—Decided February 27, 1899.

1. Section 10 of the city charter of the city of Millville (*Pamph. L.* 1866, *p.* 120) confers no power upon the common council to grant licenses for the sale of fermented or intoxicating liquors in that city, and confers no authority to pass ordinances for the imposition of penalties for the sales of such liquors without license.

2. A provision in "a city charter conferring power upon the common council to pass ordinances for preserving peace and good order" does not authorize the enactment of ordinances to license the sale of fermented or intoxicating liquors or to impose penalties for the sale of such liquors without a license.

3. Convictions in summary proceedings under a special power given to a magistrate must show everything necessary to such conviction.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the prosecutors, *Thomas W. Trenchard* and *John W. Wescott.*

For the defendant, *Martin W. Lane.*

The opinion of the court was delivered by

LIPPINCOTT, J.   Five convictions of the prosecutor George Schlachter, in cases each with the same title, are before the court for review on *certiorari.*

There is also one conviction against the prosecutor Ion E. Terry, under review by *certiorari.*

All the cases can be decided in one opinion.

The several convictions against Schlachter were had before

the mayor of Millville, sitting as a magistrate, under the statute, for the sale of beer, porter, strong cider or other intoxicating or fermented liquors, in the city of Millville, without license, on the 28th day of May, 1897; again on the 12th day of June, 1897; again on February 3d, 1898, and again on February 23d, 1898, respectively, in violation of the provisions of ordinance No. 24, section 1, of that city, entitled "An ordinance in relation to the sale of spirituous, fermented or intoxicating liquors."

' The first section of this ordinance, among other things, provides that it shall not be lawful for any person or persons, without license first had and obtained from the common council of said city, to sell or otherwise dispose of any porter, ale, lager beer, strong beer, cider or other fermented liquor of any kind in any quantity or quantities whatsoever, and for so offending against the ordinance or either of its provisions the said person or persons shall, on conviction thereof before the mayor of said city or any justice of the peace of said city, forfeit and pay the sum of $20, with costs of suit, said fine and costs of suit to be recovered in an action of debt in the name of the treasurer of the city, to be paid to the treasurer for the use of the city.

The proceedings under the ordinance, under a special power given to the mayor, are summary, in whatever form they may be instituted, and the record must formally show everything necessary to constitute a legal conviction. *Keeler* v. *Milledge,* 4 *Zab.* 142; *Doughty* v. *Conover,* 13 *Vroom* 193; *Hankinson* v. *Trenton,* 22 *Id.* 495 ; *Salter* v. *Bayonne,* 30 *Id.* 128.

In this case there is no conviction whatever. There appears to be a minute of the steps taken in the proceeding from the complaint to the hearing and the trial, with dates, and at the trial the names of the witnesses, with a short summary of the evidence given by each witness. In the case of the alleged sale on May 28th, 1897, the mayor adds to this minute or docket: "After hearing the evidence of the witnesses that they had bought and paid for it in this city, I rendered a verdict in behalf of the plaintiff, twenty dollars fine and costs." In

the alleged sale of February 23d, 1898, the following is added to the minute or docket: " I render the following judgment: that Edward H. Stokes, treasurer of the city of Millville, &c., shall recover from the defendant, George Schlachter, the sum of twenty dollars, and eight dollars and sixteen cents costs of suit, for selling beer without license first had and obtained from the city council of the city of Millville, to one Jane Adams." Again as to the alleged sale of February 3d, 1898, to the minute or docket there is added: "After the argument by both counsel for defendant and plaintiff I rendered the following: Gave judgment that the plaintiff shall recover of the defendant, George Schlachter, the sum of twenty dollars ($20), and six dollars and seventy cents costs of suit, for the selling of beer without license first had and obtained from the common council of the city of Millville, to one William Wynocker." Similar entries are made at the end of the minute or docket of the proceedings of the two alleged sales of June 12th.

These are not convictions at all of any offences under the ordinance, and none of them contain the essential elements of formal convictions under the authorities cited. None of them are the formal convictions required in summary proceedings of this character. *Buck* v. *Danzenbacker*, 8 *Vroom* 359.

But there is another error which is fundamental in these proceedings. This ordinance must be founded on legislative authority to the common council of the city of Millville to enact it; otherwise it is void.

Upon examination of the city charter of Millville it reveals no authority to enact such an ordinance. The only section of the charter to which reference is made authorizing such an ordinance is section 10 (*Pamph. L.* 1866, *p.* 120), which provides "that it shall and may be lawful for the common council of said city to pass all ordinances   *   *   *   for the more effectual suppression of immorality, for preserving peace and good order," &c.

Under this provision of the charter the common council had no power to provide for the licensing of places for the sale of these liquors or to provide ordinances against such sales and impose penalties for the violation thereof. *Buck* v. *State*, 32 *Vroom* 525.

In the case of Ion E. Terry, prosecutor, against the defendants, the same principles are applicable.

It may be added that these summary proceedings are reviewable by *certiorari*.

The conviction in each of these cases must be set aside, with costs to the prosecutor in each case.