CITY OF BRIDGETON, RESPONDENT, v. GEORGE ZELLERS, PROSECUTOR.

CITY OF BRIDGETON, RESPONDENT, v. JOSEPH H. CORSON, PROSECUTOR.

CITY OF BRIDGETON, RESPONDENT, v. LOUIS JONES, PROSECUTOR.

Submitted March 20, 1924—Decided May 7, 1924.

1. The control of a highway taken over by the state highway commission under the act of 1917 (*Pamph L., p.* 33) is clearly for the purpose of construction and maintenance of the roadway, and does not interfere with municipal regulation of traffic and licensing powers.

2. Under the supplement of 1920 to "An act concerning municipalities" (*Pamph. L., p.* 182), municipalities were expressly authorized to make ordinances to license and regulate auto buses (jitneys), and to impose penalties for violation of such ordinances, and the right to impose such penalties is not ousted by the fact that the act of 1916 (commonly called the Kates act) makes the operation of a jitney without complying with the provisions of that act a misdemeanor

3. The "Act concerning municipalities" (*Pamph. L.* 1917, *p.* 319) is applicable to all municipalities embraced in the first section thereof, and the supplement of 1920 (*Pamph. L., p.* 182) is entitled to the same breadth of scope.

4. By the provisions of the act of 1907, relating to second-class cities (*Pamph. L., p.* 188), the mayor of such cities as adopt the provisions of the act is vested with jurisdiction to try cases arising from violation of ordinances.

5. Where proceedings before a magistrate arising out of violation of a municipal ordinance were contested and heard on a certain day, and decided the following day, the jurisdiction of the magistrate was not lost by the lapse of a night after the trial and before the decision.

On *certiorari.*

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the prosecutors, *Rex A. Donnelly.*

For the defendant, *Walter H. Bacon, Jr.*

The opinion of the court was delivered by

PARKER, J.   The writs bring up the respective convictions of the prosecutors before the mayor of Bridgeton, acting as recorder, upon complaints charging violation of section 1 of ordinance 298, as amended by ordinance 311, by operating an auto bus as the same is defined by chapter 136 of the laws of 1916, as amended, over the streets of said city of Bridgeton, namely, over East Commerce street, between Pearl street and the easterly boundary of said city.   Zellers is charged as owner of a bus, not licensed as required by the ordinance; Corson and Jones as unlicensed operators.   All three cases are identical except in the particulars just stated.   There is no question of fact involved.

Section 1, as amended by ordinance 311, reads as follows:

"Section 1. It shall be unlawful to operate an auto bus, as the same is defined by chapter 136 of the laws of 1916, as amended, over the streets of the city of Bridgeton, whether the entire route of such auto bus lies wholly or partly within the limits of the city of Bridgeton, unless the auto bus is duly licensed by the city of Bridgeton under the provisions of this ordinance, and unless the driver of such auto bus is likewise duly licensed hereunder.   It shall be unlawful to operate an auto bus, after being duly licensed hereunder, otherwise than in accordance with the consent granted under the provisions of this ordinance."

From the evidence it appears, without dispute, that Zellers was the owner of two buses driven, respectively, by Cor-

son and Jones, which were registered as required by the Motor Vehicle act, and that Corson and Jones were also licensed as drivers under that act; that they traversed a route from a point in Millville into Bridgeton and over the highway specified in the complaints, and that they had not complied with the amended section 1. Previous convictions under the ordinance before the amendment were set aside by this court (see *Bridgeton* v. *Kessler,* 1 *N. J. Mis. R.* 261), but the grounds of reversal then present do not appear in the cases now before us. We take up the reasons in *certiorari* in the order followed by the prosecutors' brief.

The first point made is that the city does not have "control" over the street in question, because it is part of a state highway, and for that reason under the "control" of the state highway commission. This seems to be based on an infer ence attempted to be drawn from the language of the State Highway act. *Pamph. L.* 1917 (at *p.* 33). A glance at this act shows that the language relied on occurs in one of the definitions of words used in the act, viz., "take over," which is defined as "the action by the department in assuming the control and maintenance of any part or parts of the state highway system." A most cursory reading of the act makes it quite plain that the "control" of the road is that associated with construction and maintenance of the roadway, and that no intent is evinced of interfering with municipal regulation of traffic and licensing powers. A reading of section 8, on page 29, makes this especially clear.

Next, it is argued that the complaints should have been dismissed as against Corson and Jones, because they were charged, not as owners, but as operators only, and inasmuch as the ordinance relates to auto buses as defined by the "Jitney" act of 1916, and that act requires no license for operators, but only for owners, the ordinance is a nullity as to drivers. The obvious answer is that the reference in the ordinance to the act of 1916 is purely for the purpose of ascertaining the character of bus intended by the ordinance, and whose operator, by the terms of the ordinance, must be licensed.

Next, that because the act of 1916 makes it an indictable offense to operate a bus "without complying with the provisions of this act" (*Pamph. L., p.* 286, § 5), therefore the city was ousted of jurisdiction to impose a penalty for operating without its license. The act of 1916 did cover consents by the municipalities and a franchise tax based thereon, but in 1920 municipalities were expressly authorized to license and impose fees and penalties. *Pamph. L., p.* 182. The ordinance is plainly rested on this power, and even if it be in addition to the statute of 1916 creating a misdemeanor, such parallel penalties are nothing new in this state. *Howe* v. *Plainfield,* 37 *N. J. L.* 145; *Riley* v. *Trenton,* 51 *Id.* 498; *Sherman* v. *Paterson,* 82 *Id.* 345.

Next, it is urged that violation of the ordinance requires both ownership and operation of the bus. It is sufficient to turn to the plain language of the ordinance making operation unlawful if either the bus or the driver is unlicensed.

Again, it is argued that the ordinance conflicts with the Motor Vehicle act, in requiring a license in addition to that provided under that act. This is answered by the recent decision of this court in *Seldney* v. *Bennell,* 118 *Atl. Rep.* 699, which is controlling for present purposes.

The next point of attack is the regulation of buses plying on routes partly within and partly without the city. This is expressly permitted by the act of 1920, page 182, already cited. Counsel suggests that the act is broader than the title, "A supplement to an act entitled 'An act concerning municipalities,'" &c., but it would be idle to cite authority for the contrary view. The "Act concerning municipalities" is applicable to all embraced within its first section, and the supplement is entitled to the same breadth of scope. To the suggestion that under *Cary* v. *North Plainfield,* 49 *N. J. L.* 111, the statute should be restricted to a business whose *situs* is in the municipality enacting the ordinance, the answer is that the act of 1920 contains the very "unequivocal language" alluded to in the *Cary* case, which would impel the court to the contrary construction.

The next point is that there was no violation, because no

passengers were taken on within the city limits. This we deem frivolous; there was indubitably operation within those limits.

It is claimed there was no proof that either Corson or Jones had no license. The commissioner of public safety so testified. Also, that there was no proof that Zellers operated. He owned the buses and hired the drivers. This we deem an operation in the intendment of the ordinance. If the owner had been a corporation it would be immune, if this argument is sound.

As to the point that no fare was charged within the city limits, we consider it frivolous. The charge of twenty-five cents from Millville obviously paid for the whole trip, the owner transporting through six "zones" for the price of five.

The point that the evidence is not returned is without force, in view of the compliance with the act of 1914, page 419, by sending up a stenographic transcript of the testimony.

The jurisdiction of the mayor is challenged, on the ground that the ordinance speaks of trial before a "magistrate," and the mayor, as claimed, has not, under the charter, the powers of a magistrate. By the act of 1907, page 188 (*Comp. Stat., p.* 1403), adopted by Bridgeton, the mayor is invested with the powers of a recorder, including exclusive jurisdiction in cases of violation of ordinances. As to this, the reasoning and decision in *State* v. *Lawson,* 98 *N. J. L.* 593, are substantially in point.

Finally, that the mayor lost jurisdiction by reserving decision after the evidence was in. All three cases were heard on January 29th. At what hour the testimony was complete, and the cases submitted, does not appear. In the Jones case the mayor said, "I reserve my decision in this case for the present." After this there was a short colloquy between counsel. All three were decided on January 30th, being simply continued over night, so far as appears.

Under the justice court practice there must be a definite adjournment. But under the District Court act, even before the Revision of 1918, a reservation of decision for a reason-

able time was lawful. *Prudential Insurance Co.* v. *Taylor,* 59 *N. J. L.* 352. We are unwilling to say that a mere lapse of a night, after three hotly-contesting trials and legal arguments thereon, should be held as quashing the whole matter. We consider that jurisdiction was not lost.

All of which leads to an affirmance in each case.