## C. WILLIAM CARUSO, PROSECUTOR, v. NEWTON H. PORTER ET AL., RESPONDENTS.

Submitted May 29, 1925—Decided October 26, 1925.

1. The Motor Vehicle act of 1921 does not violate the constitutional provision that every law shall embrace one object, which shall be expressed in its title, as a part of the title is "prescribing and regulating process and service thereof, and proceedings for the violations of the act and penalties for such violation."
2. The Court of Common Pleas sits under the Motor Vehicle act as a statutory tribunal, and the legislature had power to select a forum to try violations of the act.
3. The right of trial by jury is not universal, and, where an offense is created by statute, it can be properly subjected to trial and punishment in a summary proceeding.

On *certiorari.*

Before Justices Trenchard, Katzenbach and Lloyd.

For the prosecutor, *John A. Bernhard.*

For the respondent, *Edward L. Katzenbach.*

The opinion of the court was delivered by

Lloyd, J.    The prosecutor in this writ was convicted in the recorder's court of Bloomfield of operating a motor vehicle while under the influence of intoxicating liquor, and sentenced to serve thirty days in the common jail or workhouse. On appeal to the Essex Common Pleas and a retrial in accordance with the provisions of the Motor Vehicle act of 1921 and the amendment of 1924, the prosecutor was again convicted and sentenced to imprisonment for a term of thirty days in the common jail.

The conviction and sentence are sought to be set aside for various reasons, which will be taken up in their order.

It is contended in the prosecutor's brief that the Court of Common Pleas was without legal jurisdiction to try the

case, because (1) the statute violates the provisions of the constitution requiring every law to embrace but one object, which shall be expressed in its title; (2) because the Court of Common Pleas has no constitutional or legislative power to try criminal cases; (3) because the right of trial by jury is invaded by the act, and it was further claimed that the right of trial by jury was infringed by providing in the act for compulsory imprisonment in the workhouse.

None of these contentions appear to us to be well founded. The title of the act of 1921 contains, as part of its title, this language: "Prescribing and regulating process and the service thereof and proceedings for the violation of the provisions of the act and penalties for said violations." It is quite apparent that the body of the act is well within the title when it prescribes the process to apprehend, the tribunal to hear the case and the punishment to be imposed upon offenders. These are clearly expressed in the words quoted. Nor do the act or its title embrace more than one object. The whole scheme of the legislation is to provide for the safe use of an instrument of transportation which, without regulation, would become a dangerous menace to persons and property. All of the provisions of the act are directed to the attainment of the one object, and all are properly incident and appropriate thereto. Paragraph 4 of article 4, section 7 of the constitution, clearly indicate the scope of the prohibited legislation, when it declares its purpose to be to "avoid improper influences which may result from intermingling in one and the same act such things as have no proper relation to each other." It certainly cannot be said that any part of the act is extraneous or foreign to its general object.

The objection that the Court of Common Pleas has no power to hear the case, because it is a court for the trial of civil issues only, is equally without substance. Under the statute invoked it sits as a statutory tribunal, and it was competent for the legislature to select as it chose the forum in which to vest the jurisdiction.

The claim that a constitutional right of trial by jury is invaded is disposed of by reference to the decision of the Court of Errors and Appeals in *State* v. *Rodgers,* 91 *N. J. L.* 212. The defendant in that case, as here, was convicted of driving an automobile while intoxicated. The trial and conviction were before the recorder of Paterson without a jury, and that the validity of the conviction without the intervention of a jury was in the mind of the court is apparent from this language of Mr. Justice Trenchard: "No doubt the legislature wished to provide for punishment for those who drove motor vehicles upon the public streets while under the influence of intoxicating liquors without the delay necessarily incident to indictment and trial by jury." The right of trial by jury is not universal. In the early case of *State* v. *Anderson,* 40 *N. J. L.* 224, Chief Justice Beasley, speaking for the Supreme Court, said of a sale of intoxicating liquors contrary to law, that "independently of a prohibition by the legislature such a sale is neither immoral nor illegal, and the lawmaker can therefore put it under such control as may be thought best. Not being in its nature an indictable offense, it can be punished by a penalty without indictment." Upon a like distinction pointed out in *State* v. *Rodgers, supra,* the driving of an automobile while intoxicated could be properly subjected to trial and punishment in a summary proceeding.

As to the final contention that the provision of the statute under which the prosecutor was convicted authorizes the sentence to be served in the county jail *or workhouse,* and thereby provides a punishment applicable only to persons convicted of crime, it is sufficient to say that the prosecutor was not sentenced to the workhouse but to the jail. The broader provision of this phase of the act is, consequently, not involved in the case.

The judgment will be affirmed, with costs.