UNION COUNTY COURT OF COMMON PLEAS.

TREASURER OF THE CITY OF PLAINFIELD, RESPONDENT,
v. AERIES PEREIRA, APPELLANT.

Decided September 3, 1935.

For the respondent, *William Newcorn.*

For the appellant, *J. Leroy Jordan* and *Schneider & Schneider.*

McGRATH, C. P. J. The appellant was arrested in the city of Plainfield on May 6th, 1935, charged with having in his possession an unregistered still, in violation of the laws of this state, and on this charge he was held for the action of the grand jury and was subsequently indicted. On the same facts he was also charged with having violated the twenty-third section of an ordinance of the city of Plainfield entitled, "An ordinance to regulate the sale of alcoholic beverages in the city of Plainfield," in that the said Aeries Pereira did, on the 6th day of May, 1935, have in his possession and under his control, a still and other paraphernalia adaptable for use in connection therewith, connected and in use for the manufacture of illicit alcoholic beverages, at and on the premises known as No. 1434 Willever street, in said city, contrary to said ordinance. On this latter charge, in a summary proceed-

ing brought by the treasurer of the city of Plainfield, under the city charter, he was found guilty of violating the ordinance, and was sentenced by the city judge to serve sixty days in the county jail as a disorderly person. The record discloses that the appellant was found in possession of a still on May 6th, 1935, in operation, with the gas burners lit and the still working and connected. The conviction recites that Pereira had in his possession and under his control a still and other paraphernalia adaptable for use in connection therewith and in use for the manufacture of illicit alcoholic beverages.

It is well settled that where the legislature has delegated to a municipality the power to regulate intoxicating liquor and the municipality in pursuance of such authority has passed a proper ordinance, the municipality may punish violations of such ordinance by virtue of its general statutory police power to pass ordinances for public peace and good order. *Hershoff* v. *Treasurer of Beverly,* 45 *N. J. L.* 288; *Howe* v. *Plainfield,* 37 *Id.* 145; *Staates* v. *Washington,* 44 *Id.* 605. Without violating any constitutional principle the municipality, if authorized, may inflict punishment for such violations in addition to the punishment provided by statute for the same act, notwithstanding that the legislature has made the act a misdemeanor. *Howe* v. *Plainfield, supra; Bridgeton* v. *Zellers,* 100 *Id.* 33; 124 *Atl. Rep.* 520; *affirmed,* 101 *N. J. L.* 206; 127 *Atl. Rep.* 924. Since such violations are not in their nature indictable offenses, they may be punished in summary proceedings. *State* v. *Rodgers,* 91 *N. J. L.* 212; 102 *Atl. Rep.* 433; *Caruso* v. *Porter,* 102 *N. J. L.* 71; 130 *Atl. Rep.* 805; *Katz* v. *Eldredge,* 97 *N. J. L.* 123 (at *p.* 157); explained in *Katz* v. *Eldredge,* 98 *Id.* 125; 117 *Atl. Rep.* 841, and *Lutwin* v. *State,* 97 *N. J. L.* 67; 117 *Atl. Rep.* 164; *State, Klinges* v. *Common Pleas,* 3 *N. J. Mis. R.* 1084.

But before there can be an ordinance regulating intoxicating liquor there must be a statute authorizing such ordinance, and the ordinance cannot be any broader than the authority which supports it. *Schlachter* v. *Stokes,* 63 *N. J. L.* 138; 43 *Atl. Rep.* 571; *State, Rossell* v. *Garon,* 50 *N. J. L.* 358; 13 *Atl. Rep.* 26; *West Jersey and Seashore Railroad* v. *Millville,* 91 *N. J. L.* 572; 103 *Atl. Rep.* 245.

In this case the city relies on the authority given by its charter to enact ordinances to protect the peace, health and morals of the city, and on the provisions of the Home Rule act of 1917, giving municipalities power to enact ordinances to prevent vice, drunkenness and immorality, to preserve public peace and good order. It is settled, however, that such statutory powers do not in themselves give any authority to regulate or prohibit the traffic in intoxicating liquor. *Schlachter* v. *Stokes, supra; Salerno* v. *Passaic,* 88 *N. J. L.* 87; 95 *Atl. Rep.* 1000; *affirmed,* 89 *N. J. L.* 370; 98 *Atl. Rep.* 1086; see, also, *West Jersey and Seashore Railroad* v. *Millville,* 91 *N. J. L.* (at *p.* 577); 103 *Atl. Rep.* 245. The regulation of intoxicating liquor has always been dealt with in an exceptional way. *Salerno* v. *Passaic, supra.*

The act in force at the time of the alleged violation was the Alcoholic Beverage Control act, chapter 436, *Pamph. L.* 1933 (*N. J. Stat. Annual* 1934, § 100-312), and its amendments and supplements. This is a new and general act, necessitated by the new situation created by the repeal of the prohibition amendment and obviously designed to lay down a new and general legislative policy with respect to the regulation and control of intoxicating liquor. This act, so far as its provisions stood at the time of the alleged violation, did not give the city of Plainfield any power to pass an ordinance regulating the possession of an unlicensed still or the illegal manufacture of liquor, but, on the contrary, such acts were expressly required to be punished as misdemeanors in the state courts.

Section 37 of the act, as amended by *Pamph L.* 1934, *ch.* 85 (*N. J. Stat. Annual* 1934, § 100-348), on which the ordinance is based, obviously gives no authority to a municipality to punish for the possession of a still or the manufacture of illicit liquor by an unlicensed person. This section was amended in 1935, to give additional power to the municipalities, but this amendment even if it applied to the facts in this case, was not in effect at the time of appellant's alleged offense.

Moreover, if the city did have authority to pass an ordinance such as the one which the defendant is alleged to have

violated, the ordinance itself does not sustain the conviction. The ordinance is an ordinance to regulate the sale of alcoholic beverages in licensed places, and no mention is made of the possession of an unlicensed still or the illegal manufacture of liquor, except that in the penalty clause it is provided among other things that any person who shall own, possess, keep or store in said city of Plainfield any implement or paraphernalia for the manufacture, sale, distribution, bottling, rectifying, blending, treating, fortifying, mixing, processing, warehousing or transportation of alcoholic beverages "in violation of this ordinance" shall be deemed and adjudged a disorderly person and punished by a fine of not less than $50 and not more than $200, or imprisonment for not less than thirty days and not more than six months, or both such fine and imprisonment, in the discretion of the court  Obviously, the penalty clause cannot impose a penalty for acts which are not mentioned in the body of the ordinance and which the ordinance was not intended to regulate and does not regulate.

The conviction in this case is not supported by the statutes nor is it supported by the ordinance, and must be set aside.