DAVIS, DIRECTOR GENERAL OF RAILROADS, ET AL. v. WALLACE ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NORTH DAKOTA.

No. 329. Argued December 16, 1921.—Decided January 9, 1922.

1. Where the case as made by the bill involves a real and substantial question under the Constitution and the requisite jurisdictional amount, the jurisdiction of the District Court, and of this court upon a direct review of its action, extends to all other questions involved, whether of federal or state law, and enables the court to rest its judgment on the decision of such of the questions as in its opinion effectually dispose of the case. P. 482.

2. Equity will enjoin collection of an illegal tax in the absence of an adequate and certain remedy at law. P. 482.

3. The Act of North Dakota, Laws 1919, c. 222, which lays an excise on foreign corporations of a percentage of their capital actually invested in the transaction of business in the State, provides that, for one engaged in business within and without the State, investment within the State shall mean that proportion of its entire stock and bond issues which its intrastate business bears to its total business; that where the business within the State is not otherwise

easily and certainly separable, it shall be held to mean such proportion of the entire business as the property of the corporation within the State bears to its entire property, and that, in the case of a railroad or other specified public service corporation, whose line extends into the State from without, property within the State shall mean the proportion of the entire property of the corporation which its mileage within the State bears to its entire mileage. *Held*, that the mileage basis (declared unconstitutional in *Wallace* v. *Hines*, 253 U. S. 66), was intended to be the exclusive basis for computing the assessments of such a railroad company, and that assessments based on the ratio of the value of its railroad within the State to that of its entire railroad were not authorized by the statute. P. 482.

4. The unconstitutionality of an excepting provision in a statute does not enlarge the scope of its other provisions. P. 484.

Reversed.

APPEAL from a decree of the District Court, after a final hearing on bill and answer, dismissing a bill filed by the Director General of Railroads and five railroad companies to enjoin the collection of a special excise tax sought to be imposed under North Dakota Laws, 1919, c. 222.

*Mr. Charles W. Bunn,* with whom *Mr. E. C. Lindley, Mr. M. L. Countryman* and *Mr. D. F. Lyons* were on the brief, for appellants.

*Mr. George E. Wallace* for appellees.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit by the Director General of Railroads and five railroad companies to enjoin the collection of a special excise tax assessed against each of the companies for the years 1918 and 1919 under a statute of North Dakota, c. 222, Laws 1919, which declares:

" Every corporation, joint-stock company or association, now or hereafter organized under the law of any other State, the United States or a foreign country, and

engaged in business in the State during the previous cal-
endar year, shall pay annually a special excise tax with
respect to the carrying on or doing business in the State
by such corporation, joint-stock company or association,
equivalent to 50 cents for each $1,000.00 of the capital
actually invested in the transaction of business in the
State; provided, that in the case of a corporation engaged
in business partly within and partly without the State,
investment within the State shall be held to mean that
proportion of its entire stock and bond issues which its
business within the State bears to its total business within
and without the State and where such business within the
State is not otherwise more easily and certainly separable
from such entire business within and without the State,
business within the State shall be held to mean such pro-
portion of the entire business within and without the
State, as the property of such corporation within the
State bears to its entire property employed in such busi-
ness both within and without the State; provided, that in
the case of a railroad, telephone, telegraph, car or freight-
line, express company or other common carrier, or a gas,
light, power or heating company, having lines that enter
into, extend out of or across the State, property within
the State shall be held to mean that proportion of the
entire property of such corporation engaged in such busi-
ness which its mileage within the State bears to its entire
mileage within and without the State. The amount of
such annual tax shall in all cases be computed on the
basis of the average amount of capital so invested during
the preceding calendar year; provided, that for the pur-
pose of this tax an exemption of $10,000.00 from the
amount of capital invested in the State shall be allowed;
provided, further, that this exemption shall be allowed
only if such corporation, joint-stock company or associa-
tion furnish to the Tax Commissioner all the information
necessary to its computation."

Each of the five railroad companies was subjected in the usual way to a full property tax on all of its property within the State, and that tax is not here in question. The suit relates only to the special excise tax.

The companies were all organized under the laws of States other than North Dakota and all own lines of railroad extending from other States into or through that State. These lines were under federal control and operated by the Director General during the years for which the excise tax was assessed.

The taxing officers at first assessed the tax for the year 1918 against these companies by using in its computation the mileage ratio prescribed in the second proviso of the statute; but this court held that the tax so assessed was an unwarranted interference with interstate commerce and a taking of property without due process of law. *Wallace* v. *Hines,* 253 U. S. 66. Thereupon the taxing officers assessed the tax for that year, and also for 1919, by using in its computation the ratio specified in the last preceding clause of the statute—that is to say, a ratio fixed by contrasting the value of the company's railroad within the State with the value of its entire railroad within and without the State.

In the District Court the validity of the tax assessed on the new or substituted basis was challenged on the grounds (a) that as to railroad companies whose lines lie partly within and partly without the State the statute does not authorize or sanction a tax assessed on that basis; (b) that the statute imposes the tax only as a special excise on doing business in the State, and these companies were not thus engaged during the years for which the tax was assessed,—their railroads being then under federal control and operated exclusively by the Director General; and (c) that an excise tax assessed against these companies on the new or substituted basis operates necessarily to burden interstate commerce and to take property

without due process of law, and so is in conflict with the commerce clause of the Constitution and the due process clause of the Fourteenth Amendment.

At an early stage in the suit three judges granted an interlocutory injunction against the enforcement of the tax; but on the final hearing, which was on bill and answer, a decree was entered dismissing the bill on the merits. The plaintiffs then sought and were allowed a direct appeal to this court under § 238 of the Judicial Code.

The case made by the bill involved a real and substantial question under the Constitution of the United States and the amount in controversy exceeded three thousand dollars, exclusive of interest and costs, so the case plainly was cognizable in the District Court. In such a case the jurisdiction of that court, and ours in reviewing its action, extends to every question involved, whether of federal or state law, and enables the court to rest its judgment or decree on the decision of such of the questions as in its opinion effectively dispose of the case. *Field v. Barber Asphalt Paving Co.*, 194 U. S. 618, 620; *Siler v. Louisville & Nashville R. R. Co.*, 213 U. S. 175, 191; *Louisville & Nashville R. R. Co. v. Garrett*, 231 U. S. 298, 303; *Greene v. Louisville & Interurban R. R. Co.*, 244 U. S. 499, 508.

As respects the right to sue in equity, it is enough to say that in this case we find the same absence of an adequate and certain remedy at law that was found in *Wallace v. Hines, supra,* where the right to invoke the aid of a court of equity was sustained.

The first of the objections made to the tax is that it was assessed on a basis which the statute does not authorize or sanction. Of course, if this be so the tax must fall, and the other objections need not be considered. The statute does not prescribe a single or unvarying basis whereon the tax shall be assessed, but designates several bases and

defines the particular situation in which each shall be applied. Where the business of the corporation is wholly within the State the tax is to be computed according to the "capital actually invested" in the business. Where the business is partly within and partly without the State the computation is to be based on a proportion of the company's "entire stock and bond issue", which is to be taken as representing the "investment within the State." But the proportion is to be determined by standards which vary materially. In one situation it is to conform to the ratio of the company's business within the State to its total business, and in another to the ratio of the company's property employed in its business within the State to its entire property employed in its business wherever conducted. In the instance of railroad companies and other public utility corporations having lines partly within and partly without the State the statute specially provides that it shall conform to the ratio of the company's mileage within the State to its entire mileage. This special provision is embodied in a proviso or excepting clause which comes immediately after the clause relating to other corporations and reads as follows:

"  .  .  .  provided, that in the case of a railroad, telephone, telegraph, car or freight-line, express company or other common carrier, or a gas, light, power or heating company, having lines that enter into, extend out of or across the State, property within the State shall be held to mean that proportion of the entire property of such corporation engaged in such business which its mileage within the State bears to its entire mileage within and without the State."

This provision shows that the legislature intended by it to put the corporations which it describes in a separate class for the purposes of the tax, to require as to them that the tax be computed and assessed on the special basis there prescribed, and to exempt them from the bases

6267°—22——36

applicable to other corporations. That intention hardly could have been more clearly expressed.

True, this provision was held in *Wallace* v. *Hines, supra,* to be in conflict with constitutional limitations and indefensible as respects the railroad companies now before us; but that does not make the provision any the less a key to the intention of the legislature, or enable the taxing officers to subject these corporations to other provisions from which the act as a whole shows the legislature intended to except them.

Where an excepting provision in a statute is found unconstitutional, courts very generally hold that this does not work an enlargement of the scope or operation of other provisions with which that provision was enacted and which it was intended to qualify or restrain. The reasoning on which the decisions proceed is illustrated in *State ex rel. McNeal* v. *Dombaugh,* 20 Ohio St. 167, 174. In dealing with a contention that a statute containing an unconstitutional proviso should be construed as if the remainder stood alone, the court there said: "This would be to mutilate the section, and garble its meaning. The legislative intention must not be confounded with their power to carry that intention into effect. To refuse to give force and vitality to a provision of law is one thing, and to refuse to read it is a very different thing. It is by a mere figure of speech that we say an unconstitutional provision of a statute is 'stricken out.' For all the purposes of construction it is to be regarded as part of the act. The meaning of the legislature must be gathered from all they have said, as well from that which is ineffectual for want of power, as from that which is authorized by law."

Here the excepting provision was in the statute when it was enacted, and there can be no doubt that the legislature intended that the meaning of the other provisions should be taken as restricted accordingly. Only with that

restricted meaning did they receive the legislative sanction which was essential to make them part of the statute law of the State; and no other authority is competent to give them a larger application. Had they been enacted without the excepting provision and had it been embodied in a subsequent amendatory act a different situation would be presented—one in which that provision would have no bearing on the meaning or scope of the others—because an existing statute cannot be recalled or restricted by anything short of a constitutional enactment. This was recognized in *Truax* v. *Corrigan, ante,* 312, where, when an amendatory exception proved unconstitutional, we held that the original statute stood wholly unaffected by it.

From what has been said it follows that to sustain the tax in question we should have to hold that the taxing officers, on finding that it could not constitutionally be assessed on the basis specially prescribed in the statute, were at liberty to assess it on another and different basis which the statute shows was not to be applied to corporations of the class to which these railroad companies belong. Of course we cannot so hold.

We are accordingly of opinion that the first objection to the tax is well taken, and therefore that the tax is invalid and its collection should be enjoined.

*Decree reversed.*