AUGUST LUTWIN AND JOSEPH SHUMUS, PROSECUTORS,
v. THE STATE OF NEW JERSEY, RESPONDENT.

Argued April 6, 1922—Decided April 24, 1922.

1. The Court of Errors and Appeals did not, by its judgments in
   Katz *v.* Eldredge et al. and two other kindred cases argued to-
   gether, declare "An act concerning intoxicating liquor used or
   to be used for beverage purposes" (*Pamph. L.* 1921, *p.* 171),
   called the Prohibition Enforcement act, to be unconstitutional,
   nor adjudge that its repeal, *inter alia,* of section 66 of "An act
   for the punishment of crimes," was void, and no one can be
   legally prosecuted by indictment for violation of section 66
   during the time the repealer remained in force.
2. When a statute which declares an act to be a crime is repealed
   by the legislature, and the repealing act adjudged to be constitu-
   tional by a court of competent jurisdiction, and a citizen, relying
   on the legality of the repealer, offends against the repealed act,
   and the repealing act is subsequently declared unconstitutional,
   he cannot be said to be guilty of a conscious wrong, and under
   such circumstances an indictment against him for a violation of
   the repealed statute will be quashed.

On motion to quash an indictment removed by *certiorari*
from the Union County Quarter Sessions.

Before a single justice, by consent.

For the prosecutors, *Stamler & Stamler.*

For the respondent, *Walter L. Hetfield.*

The opinion of the court was delivered by

BERGEN, J. The defendants were indicted for selling
liquor without a license on January 4th, 1922, and on divers
other days between that date and the finding of the indict-
ment which, in form, charges a violation of section 66 of the
Crimes act. *Pamph. L.* 1898, *p.* 812; *Comp. Stat., p.* 1767.
The prosecutor of the pleas concedes that if section 66 was
repealed, or not in force during the period charged in the

indictment, it cannot be sustained. The defendants were allowed a writ of *certiorari* removing the indictment to this court and now move that it be quashed. The prosecutor of the pleas waives all objections to the consideration of the motion, being desirous that the legal question be heard and determined before moving the trial of the indictment, as he has other indictments of like nature, the validity of which depend upon the solution of the questions raised. The legal situation is that section 66 of the Crimes act prohibited the selling of liquor without a license granted for that purpose, and declares its violation a misdemeanor, indictable, and punishable by a fine, or imprisonment in the state prison, for a term of not more than three years; that March 29th, 1921, the legislature of this state passed an act, to take effect April 30th, 1921, prohibiting the selling of any intoxicating liquor containing one-half per cent. or more of alcohol by volume, which was to be used for beverage purposes, and defined one who violated the act to be a disorderly person, subject to a fine of not over $500, or imprisonment for a term not exceeding six months, or both, and repealed all statutes making any act or thing prohibited by it indictable; that in December, 1921, the Supreme Court of this state adjudged the act last mentioned to be constitutional; that while the statute of 1921 was in this situation the defendants violated section 66 of the repealed statute; that subsequent to the commission by defendants of the offences charged, the Court of Errors and Appeals reversed the convictions of person prosecuted under the act of 1921, and thereupon these defendants were indicted for a violation of section 66 of the Crimes act, the claim of the state being that the Court of Errors and Appeals having declared the act of 1921 (*Pamph. L., p.* 171), called "the Prohibition Enforcement act," to be unconstitutional, therefore, section 66 of the Crimes act had never been repealed by the Prohibition Enforcement act, and that defendants were guilty of violating it, although they relied on the repealing act of the legislature and the judgment of the Supreme Court that the repealer was a valid statute. The

fallacy in the argument of the state lies in the assumption that the Court of Errors and Appeals declared the Prohibition Enforcement act to be unconstitutional, for it did not so adjudge. On every proposition relating to the constitutionality of the statute there was no affirmative majority vote favoring its invalidity as a violation of the constitution, although it was determined that the judgments under review could not, for different reasons, be enforced against the defendants in that case. Therefore, it was not adjudged that the repealer of section 66 was in violation of the constitution, nor that it was not in force during the time the sales of liquor as charged in the present indictment were made. But assuming that the enforcement act of 1921 was adjudged to be in violation of the constitution, I am, nevertheless, of the opinion that defendants cannot be prosecuted under section 66 of the Crimes act, for it had been repealed by the solemn act of the legislature, and declared to be constitutional by the judgment of the Supreme Court, and it would be unjust to hold a citizen as a criminal unless he correctly determined the legal status of a law which he was bound to obey. "It is clear that there can be no legal conviction for an offence unless that act be contrary to the law at the time it is committed" (*Commonwealth* v. *Marshall,* 11 *Pick.* 350; 22 *Amer Dec.* 377), and certainly in this case defendants ought not to be adjudged guilty of the offence for which they were indicted because they relied on the judgment of the Supreme Court that section 66 was not then in force. In *Ingersoll* v. *State,* 11 *Ind.* 464, where a liquor law had been repealed, and three years thereafter the court declared the repealer unconstitutional, and defendants then prosecuted for offences during the period the repealer was in force, and it was held that it would be unjust to hold that the repealer had always been in force so far as the act of the defendants were concerned. In *State* v. *O'Neil,* 147 *Ia.* 513, it was held that where a criminal statute against selling liquor had been declared by the court, in 1906, to be unconstitutional, which adjudication was reversed in 1909 and the act declared to be constitutional, vio-

lators of the act so repealed could not be prosecuted for acts done intermediate the two decisions.

Where a statute which declares an act to be a crime is repealed by the legislature, and the repealing act is adjudged to be constitutional by a court of competent jurisdiction, and a citizen relying on the legality of the repealer, offends against the repealed act, and the repealing act is subsequently declared unconstitutional, it would be manifestly unjust to hold that the repealed act had always been in force and that such an offender could be punished as a criminal because he had offended against the repealed statute. As Chief Justice Beasley said in *Cotter* v. *State*, 36 *N. J. L.* 125: "If a justice of the peace, being called upon to construe a statute with respect to the fee coming to himself, should, exercising due care, form an honest judgment as to his dues and should act upon such judgment, it would seem palpably unjust, and, therefore, inconsistent with the ordinary grounds of judicial action to hold such conduct criminal if it should happen that a higher tribunal should dissent from the view thus taken and should decide that the statute was not susceptible of the interpretation put upon it." In the same case where the statute made the mere taking of illegal fees a criminal act without regard to the intent of the recipient, he said: "In morals, it is an evil mind which makes the offence, and this, as a general rule, has been the root of criminal law. The consequence is that it is not to be intended that this principle is discarded, merely on account of the generality of statutory language." My opinion is that when a citizen offends against the terms of a repealed statute, he is not consciously doing a criminal act for which he can be punished.

The situation is quite different from that where a statute is in force prohibiting the doing of an act made unlawful by it, where intent to violate is not required to be proven. In the one case the law violated is in force and its infraction presumes an intent to do the unlawful thing, while in the other there could be no presumptive intent to do a conscious wrong, for the act of wrong-doing has the sanction of law and

the favorable judgment of the court at the time of the alleged criminal act. To punish one for doing an act apparently lawful at the time, because he could not correctly foresee the possible judgment of another court, would be akin to methods applied during the times of the Inquisition.

There is another question arising out of the fact that the repealing act declares that if any part of that act be adjudged invalid it shall not affect any other part of the act. It clearly appears that part of the act of 1921, *supra*, was not held to be unconstitutional by any majority vote in the Court of Errors and Appeals, and it is argued that the saving clause continues the repealing act in force because the legislature expressly declared that even if any part of the statute be excised for constitutional objections, they would still have passed the act in the form the courts might leave it, and that the repealing clause was a necessary part of the act, remaining after the unconstitutional provisions had been excised But it is not necessary to deal with this question, for the statute under which defendants are indicted was not applicable at the date when they are charged with its violation, and, as they cannot be effectively prosecuted or punished, the indictment will be quashed.