## COMMONWEALTH *vs.* NORMAN GAGNON
### (and two companion cases[1]).

Essex. December 23, 1982.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Sentence. *Statute,* Revival.

After the penalty provisions of G. L. c. 94C, § 32 (*a*), as appearing in St. 1980, c. 436, § 4, were held to be unconstitutionally vague, defendants convicted under that section on indictments charging that they did "knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute or dispense" heroin were to be resentenced under G. L. c. 94C, § 34, which punishes the lesser included offense of possession of heroin. [769-773] HENNESSEY, C. J., dissenting, would hold that the predecessor statute of G. L. c. 94C, § 32 (*a*), namely G. L. c. 94C, § 32, as appearing in St. 1971, c. 1071, § 1, continues in effect, and therefore would order resentencing of the defendants thereunder for the more serious crimes of which they were convicted. [773-775]

INDICTMENTS found and returned in the Superior Court Department, one on February 18, 1981, and two on March 9, 1981.

Following its decision *ante* 567 (1982), the Supreme Judicial Court considered a petition for rehearing.

*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth, submitted a memorandum.

*Jerome A. Segal & Michael Edward Casey,* for the defendant Philip C. Chouinard, submitted a memorandum.

*Bruce Miller,* for the defendant Norman Gagnon, submitted a memorandum.

NOLAN, J. After the Commonwealth filed its petition for rehearing, following the court's opinion reported *ante* 567

---

[1] One is against Norman Gagnon; the other is against Philip C. Chouinard.

(1982), the court invited the defendants to submit a brief or a letter on the sole issue whether the defendants may be resentenced under G. L. c. 94C, § 34, which punishes, inter alia, possession of heroin. The court has treated the letters from the district attorney and the Attorney General in support of the petition for rehearing as memoranda of law.

The issue of possession as a lesser included offense within the crime of unlawful manufacture and distribution was not argued originally by the Commonwealth in its brief or at oral argument. However, the indictments charge that the defendants did "knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance to wit: Heroin, a class A substance." Under this indictment one who knowingly or intentionally manufactures, distributes or dispenses heroin possesses the heroin, actually or constructively.

The assertion in the dissenting opinion that these defendants can be resentenced under G. L. c. 94C, § 32, as it existed before the comprehensive revision of the drug sentencing laws in 1980 (St. 1980, c. 436) cannot be left unchallenged. The dissenting opinion urges this court to apply a "rule of revival." This argument has not been raised by any of the parties at any point in these proceedings. If we were to follow our usual practice, the issue would be deemed to have been waived by the failure either to brief or argue the point. Mass. R.A.P. 16 (a) (4), as amended, 367 Mass. 919 (1975). *Wolfberg* v. *Hunter*, 385 Mass. 390, 392 n.3 (1982). This principle has special force when, as is the case here, the point has not been raised even in the petition for rehearing.

The Commonwealth's failure to raise the point is understandable. The dissenting opinion is simply wrong in suggesting ("[t]here is some precedent," *infra* at 774) that this "rule of revival" has been a part of our jurisprudence. The cases cited in the dissenting opinion deal only with the issue of severability and do not embrace this so called "rule of revival."[2] Even if it were conceded that these cases hint at

---

[2] A fair statement of our law is that a statute which has been declared unconstitutional is not wholly without effect but is unenforceable, see

some notion of "revival," they did not place the defendants on notice that the former G. L. c. 94C, § 32, would be applied to them. Other than *Commonwealth* v. *Kimball*, 299 Mass. 353 (1938), in which the dictum clearly goes to severability, they are all civil cases and, in addition to their age,[3] provide no indication that the "rule of revival" would ever be applied in a criminal case in this Commonwealth.[4]

The fundamental flaw of the dissenting opinion is its unwillingness to face up to the plain consequences of the court's holding. The issue in this case is whether the defendants had sufficient notice of the penalty which attached to their conduct to satisfy due process requirements. Therefore it would be reasonable to expect the dissenting opinion to explain how the "rule of revival" provided these defendants with adequate notice of their punishment.[5]

It is quite apparent that the application of the "rule of revival" in this case would be unconstitutional. These convictions can be upheld only if the prior G. L. c. 94C, § 32,

---

*Lawton Spinning Co.* v. *Commonwealth*, 232 Mass. 28, 36 (1919), unless the objectionable portion can be severed. *Del Duca* v. *Town Adm'r of Methuen*, 368 Mass. 1, 13 (1975). Thus, subsequent repeal of an unconstitutional statute which, when read in conjunction with a prior statute rendered the prior statute unconstitutional, served to validate the prior statute. *Lawton Spinning Co.* v. *Commonwealth, supra* at 32-35. An amendment which eliminated a constitutionally required exception to a State excise tax could be "treated as quite distinct and severable from the prior statutes." *Opinion of the Justices*, 269 Mass. 611, 615 (1929). An "unimportant exception" to a general prohibition could be severed if the exception were found unconstitutional. *Commonwealth* v. *Kimball*, 299 Mass. 353, 360 (1938).

[3] The inability of the dissenting judge to cite a single modern decision of this court indicates that it has long been recognized that notions of "revival" have never been applied in our cases.

[4] The closest criminal analogy in our cases suggests that "revival" cannot be used to support a conviction for conduct committed after the repeal of a statute but before it has been deemed revived. See *Commonwealth* v. *Marshall*, 11 Pick. 350 (1831).

[5] Focusing mainly on the possible State prison sentences, we note that the minimum State prison sentence under prior G. L. c. 94C, § 32, is two and one-half years and under new G. L. c. 94C, § 32 (*a*), the minimum sentence is one year. We view that difference as significant.

provided adequate notice of the penalty which attached to the defendants' conduct. To reach that conclusion, we would have to reason, first, that the new G. L. c. 94C, § 32 (a), gave adequate public notice of its own invalidity and, second, that the public, thus informed, was then put on further notice that the apparent repeal of the old § 32 was ineffective. See *United States ex rel. Clark* v. *Anderson*, 502 F.2d 1080, 1082 (3d Cir. 1974).[6] Neither of these elements is satisfied here.

Certainly, the Commonwealth would not accept the proposition that the statute gave notice of its own invalidity. It has argued throughout these proceedings that the statute is constitutional. The trial judge also shared that view. In these circumstances, it cannot be said that the public had any notice that the apparent repeal of the prior statute was ineffective. Since the "rule of revival" has not been adopted by this court, the defendants had no adequate notice of the penalty attaching to their conduct.

Due to the dearth of Massachusetts authority in favor of "revival," the dissenting opinion necessarily falls back on the citation of cases from other jurisdictions.[7] None of these cases, however, supports the application of a "rule of revival" in the present circumstances. The cases (1) reach results inconsistent with revival, e.g., *Davis* v. *Wallace*, 257 U.S. 478, 484-485 (1922) (where an excepting provision is declared unconstitutional, preexisting law cannot be applied to persons within the exception); (2) relate only tangentially to the instant case, e.g., *Chicago, I. & L. Ry.* v. *Hackett*, 228 U.S. 559, 566 (1913) (an unconstitutional Federal stat-

---

[6] The dissenting opinion states that the reasoning of the *Anderson* case "does not apply here," *infra* at 774, since that case dealt with notice of proscribed conduct. Our holding, however, makes clear that the "fundamental tenet of due process that '[n]o one may be required . . . to speculate as to the meaning of penal statutes'" applies "to sentencing as well as substantive provisions." *Commonwealth* v. *Gagnon, ante* 567, 569 (1982), quoting *United States* v. *Batchelder*, 442 U.S. 114, 123 (1979).

[7] The dissenting opinion does not tell us how these cases provided adequate notice to the defendants in this case of the penalty attaching to their conduct.

ute does not preempt State law); or (3) do not address the present circumstances, e.g., *State* v. *Collins,* 528 S.W.2d 814, 815 (Tenn. 1975) (defendant convicted and sentenced under statute in effect at time of his criminal conduct). Moreover, some of the jurisdictions that have adopted a "rule of revival" have held that a person cannot be convicted for a crime committed during the period which elapses between the "attempted" repeal of the criminal statute under which the defendant was charged and the pronouncement of unconstitutionality of the repealing statute by court decision. See *Lutwin* v. *State,* 97 N.J.L. 67 (1922).[8] This is not unlike the situation here.

The "rule of revival" has little merit. In the present setting, its application would be a form of judicial lawmaking. The amendments to the act in 1980 (St. 1980, c. 436, § 4) worked a comprehensive revision of the former G. L. c. 94C, § 32, and it would be sheer speculation to say what penalty the Legislature would have enacted had the lawmakers known of the result in this case. That they would have provided for some penalty does not tell us what that penalty would have been.[9] *United States* v. *Evans,* 333 U.S. 483, 495 (1948) (clear intent to punish proscribed conduct does not authorize court to fix a penalty where the statute is too uncertain). See also *Mayor of Boston* v. *Treasurer & Receiver Gen.,* 384 Mass. 718, 731 (1981) (Hennessey, C.J., dissenting) (where Legislature had any number of alternatives available to it, it is sheer conjecture to say that one of these alternatives would not have been adopted). It is not for this court to establish criminal penalties. The opinion of the court therefore eschews this "rule of revival."

The judgments are reversed in so far as the indictments charge violations of G. L. c. 94C, § 32 (*a*), and the findings

---

[8] Thus the rule is applied in other jurisdictions prospectively from the decision of the court to void the superseding statute. See *State* v. *Kolocotronis,* 73 Wash. 2d 92, 104-105 (1968).

[9] The point is highlighted by our inability to determine the intent of the Legislature when it enacted the 1980 amendments. See *Commonwealth* v. *Gagnon, supra* at 569-574.

of the judge are set aside in so far as they find the defendants guilty of such violations. The cases are remanded to the Superior Court, where the judge is to enter an order dismissing the indictments except as to the lesser included offense of possession of heroin. Findings of guilty of that offense may be entered, and the defendants may be sentenced pursuant to G. L. c. 94C, § 34, which punishes the possession of heroin.[10]

*So ordered.*

HENNESSEY, C.J. (dissenting).[1] I dissent from the majority's decision that the defendants may now be punished only for the lesser included offense of possession of heroin. I would apply the "rule of revival" and order that the defendants be resentenced for the more serious crime of which they were convicted, unlawful distribution of heroin, under the law as it existed before the 1980 revision of G. L. c. 94C, § 32.

General Laws c. 94C, § 32, was enacted in 1971. Pursuant to that statute, the manufacture, distribution, or dispensation of a class A or class B controlled substance, or the possession of such substance with the intent to manufacture, distribute, or dispense was punishable on first offense by imprisonment (not more than ten years in State prison or not more than two and one-half years in a jail or house of correction), by fine, or both. In 1980, § 32 was replaced by nine new sections, §§ 32 through 32H, each dealing more or less with a specific class of drugs. St. 1980, c. 436, § 4. We are concerned in this case with a class A controlled substance (heroin). The 1980 statutory revision made no

---

[10] The Commonwealth's motion to stay the issuance of a rescript is denied.

[1] The Chief Justice was not originally a participant in this matter, but was invited to join the quorum after issuance of the court's opinion, and after the Commonwealth filed a petition for rehearing. Justice Wilkins and Justice Lynch at an early stage in the proceedings each disqualified himself from participation in the case.

change in the status of heroin as a class A controlled substance or in the proscribed conduct. The only changes related to the punishments.

I agree with the majority that § 32 (a) is unconstitutional because the punishments as revised in that 1980 enactment are vague, uncertain, and confusing. I also agree that the defendants may now properly be punished for the lesser included offense of mere possession, since the controlling statute there (G. L. c. 94C, § 34) is constitutional in all respects. But this court should go further and order that the defendants be resentenced under the rule of revival. This rule is simply that the unconstitutional amendment was void from its inception, and consequently never took effect to supersede the prior statute.

There is some precedent to indicate that this rule has long been part of the law in this Commonwealth. See *Commonwealth* v. *Kimball*, 299 Mass. 353 (1938); *Opinion of the Justices*, 269 Mass. 611 (1929); *Lawton Spinning Co.* v. *Commonwealth*, 232 Mass. 28 (1919). Further, it is the established rule in other jurisdictions. *State* v. *Bloss*, 637 P.2d 1117 (Hawaii 1981). *State* v. *Books*, 225 N.W.2d 322 (Iowa 1975). *State* v. *Dixon*, 530 S.W.2d 73 (Tenn. 1975). *State* v. *Collins*, 528 S.W.2d 814 (Tenn. 1975). *State* v. *Kolocotronis*, 73 Wash. 2d 92 (1968). See *Frost* v. *Corporation Comm'n of Okla.*, 278 U.S. 515, 525-528 (1929); *Davis* v. *Wallace*, 257 U.S. 478, 485 (1922); *Chicago, I. & L. Ry.* v. *Hackett*, 228 U.S. 559, 566 (1913); *People* v. *Fox*, 294 Ill. 263 (1920). It is true that one case has held that the revival rule could not constitutionally be invoked because, in the circumstances there presented, the defendant did not have sufficient notice of the criminality of his conduct to satisfy the due process requirements of the Federal Constitution. *United States ex rel. Clark* v. *Anderson*, 502 F.2d 1080 (3d Cir. 1974). That reasoning clearly does not apply here. It would border on the frivolous for the defendants or any other persons to argue that they were not on notice that, at all relevant times, distribution of heroin was and is a criminal offense in this Commonwealth. Nor could the defend-

ants reasonably argue that they were ever in any uncertainty as to the precise crime charged against them. In light of these factors, all the majority's reasoning, whether premised in the Constitution or in policy, fails.

There is no persuasive reason why the rule of revival should not apply here. I have no doubt that this would be consistent with legislative intent. There is every reason to believe that the Legislature would prefer to revive the former statute, rather than have a substantial period of time in which the reprehensible conduct involved here was not a criminal offense. I would remand this case to the Superior Court for resentencing of the defendants for the crime of distribution of heroin under G. L. c. 94C, § 32, as enacted in 1971.