COMMONWEALTH *vs.* DAVID VALENTINE. October 26, 1984. *Search and Seizure,* Probable cause, Exigent circumstances.

The defendant, Valentine, appeals from a conviction of possession of heroin with intent to distribute. G. L. c. 94C, § 32(*a*), as appearing in St. 1980, c. 436, § 4. The heroin was discovered by a police officer in a bulky packet in Valentine's rear pants pocket. The circumstances of the warrantless search were as follows.

While on patrol, the police officer saw an automobile with Rhode Island plates, a "popped-out" trunk lock, and no rear lights. He followed the vehicle, stopped it, and sought a license and registration from Valentine, the driver. Valentine produced a Hawaii license but no registration. At this point, the officer observed traces of smoke in the automobile and smelled what he thought was marihuana. He then directed Valentine to get out of the vehicle, which had four other occupants. As Valentine got out of the vehicle, the officer smelled the odor of marihuana on Valentine's clothing. In addition, the officer observed on the car floor small seeds, some brown vegetable material, and a small envelope, all of which he thought was consistent with marihuana traces. Following a brief conversation, the officer then frisked Valentine, feeling the packet, which he described as "thick and bulky," in Valentine's rear pants pocket. He asked Valentine what it was, and Valentine said, "Nothing." The officer then took the packet and opened it, finding inside ten envelopes made of a material like wax paper, each containing a fluffy white powder which he thought at the time to be cocaine. (Laboratory tests showed it to be 1.1 percent heroin.) He then arrested Valentine for possession of cocaine.

At the voir dire on the motion to suppress, the officer testified that his initial pat down was for the dual purposes of discovering weapons and marihuana. He acknowledged that, when he removed the packet and opened it, he did not think that it might contain a weapon. The judge ascribed the latter testimony to bravado and ruled that, viewed objectively, the officer would have been justified in thinking that the packet might contain a weapon and that the seizure and opening of the packet were therefore justified under *Terry* v. *Ohio,* 392 U.S. 1 (1968). Because we find that the search was justified on other grounds, we do not address the question whether the search could be justified under *Terry.*

The "popped-out" trunk lock (indicative of stolen cars) and the absence of rear lights provided the officer with sufficient justification to stop the vehicle, request a license and registration from Valentine, and order him out of the automobile. See *Commonwealth* v. *Cavanaugh,* 366 Mass. 277, 281 (1974); *Pennsylvania* v. *Mimms,* 434 U.S. 106, 111 (1977) (per curiam); *Delaware* v. *Prouse,* 440 U.S. 648, 663 (1979). The officer's "plain view" detection, from outside the vehicle, of the marihuana odor, the seeds, the brown vegetable material, and the small envelope was proper. *Commonwealth* v. *Ortiz,* 376 Mass. 349, 353 (1978). The marihuana odor, the seeds, the brown vegetable material, and the small envelope gave the officer probable cause to believe that other contraband was within the vehicle and on Valentine's person. *Commonwealth* v. *Skea, ante* 685, 690 n.8 (1984). Given probable cause to search and exigent circumstances, the officer could lawfully search Valentine's person. *Id.* at 700. *Commonwealth* v. *Stafford, ante* 964, 965 (1984).

Valentine was tried and convicted of possession of heroin with intent to distribute, under G. L. c. 94C, § 32(*a*), as appearing in St. 1980, c. 436,

§ 4. For the reasons stated in *Commonwealth* v. *Gagnon*, 387 Mass. 567, *S.C.*, 387 Mass. 768 (1982), cert. denied, 461 U.S. 921, and 464 U.S. 815 (1983), the judgment is vacated, and the case is remanded for sentencing on so much of the verdict as found the defendant guilty of possession of heroin.

*So ordered.*

The case was submitted on briefs.

*James A. Shannon* for the defendant.

*Peter W. Agnes, Jr.*, Assistant District Attorney, for the Commonwealth.