COMMONWEALTH *vs.* ANTHONY NEGRON. No. 12-P-817. March 3, 2014. *Controlled Substances. Constitutional Law,* Standing, Search and seizure. *Search and Seizure,* Standing to object. *Practice, Criminal,* Standing, Motion to suppress.

A judge in the District Court reported to us two questions of law pursuant to Mass.R.Crim.P. 34, as amended, 442 Mass. 1501 (2004):

"(1) Whether a defendant who is charged with distribution of a controlled substance, has standing to challenge the warrantless search of the alleged buyer who was seized after an alleged hand to hand sale between the defendant (the alleged seller) and the alleged buyer?" and

"(2) If the answer to question #1 is yes, may a defendant succeed in suppressing such evidence, regardless of whether he has a subjective or objectively reasonable expectation of privacy where the drugs were found, i.e., on the purported buyer's person, pursuant to *Commonwealth* v. *Mubdi*, 456 Mass. 385 (2010)?"

Concluding that this case is controlled in material respects by the reasoning of *Commonwealth* v. *Garcia*, 34 Mass. App. Ct. 386, 389-391 (1993), we answer the first reported question, "No," and therefore need not answer the second reported question.

*Background.* After observing what appeared to be a hand-to-hand drug transaction, a police officer searched and seized from the alleged buyer four

bags of "crack" cocaine. The buyer was placed under arrest for possession with intent to distribute. Subsequently, based on the drugs found on the alleged buyer, the defendant was arrested and charged with distribution. Relying on *Commonwealth* v. *Amendola*, 406 Mass. 592, 601 (1990), the defendant moved to suppress the drugs found on the alleged buyer, asserting that he has automatic standing to challenge the warrantless search of the alleged buyer.

*Discussion.* 1. *Automatic standing.* General Laws c. 94C, § 32A(*a*), provides:

> "Any person who knowingly or intentionally manufactures, distributes, [or] dispenses [hereinafter, 'first theory'], or possesses with intent to manufacture, distribute or dispense [hereinafter, 'second theory'] a controlled substance . . . shall be punished."

The defendant was charged under § 32A(*a*), first theory.[1] We focus on the question whether "distribut[ion]," under G. L. c. 94C, § 32A(*a*), contains "possession" as an essential element, such that a defendant charged with distribution under the first theory of § 32A(*a*) has automatic standing to contest the search of a third party.

It is settled law that, contrary to the Federal standard set forth in *United States* v. *Salvucci*, 448 U.S. 83 (1980), "[w]hen a defendant is charged with a crime in which possession of the seized evidence at the time of the contested search is an essential element of guilt, the defendant shall be deemed to have standing to contest the legality of the search and the seizure of that evidence." *Commonwealth* v. *Amendola*, 406 Mass. at 601. Article 14 of the Massachusetts Declaration of Rights may extend more protection to criminal defendants than the Fourth Amendment to the United States Constitution to prevent the Commonwealth from arguing that the defendant was in possession of the contraband, but lacks standing to contest the search because he has no connection to the place in which the evidence was seized. See *Commonwealth* v. *Amendola*, *supra* at 599-600 ("The Commonwealth may not have it both ways").

Here, the defendant is charged with distribution. "Distribute" is defined statutorily as "to deliver other than by administering or dispensing a controlled substance." *Commonwealth* v. *Jackson*, 464 Mass. 758, 763 (2013). Likewise, to "deliver" means "to transfer, whether by actual or constructive transfer, a controlled substance from one person to another, whether or not there is an agency relationship." *Ibid.* G. L. c. 94C, § 1. By contrast, "[p]ossession implies 'control and power,' . . . exclusive or joint . . . , or, in the case of 'constructive possession,' knowledge coupled with the ability and intention to exercise dominion and control." *Commonwealth* v. *Frazier*, 410 Mass. 235, 243 (1991), quoting from *Commonwealth* v. *Pratt*, 407 Mass. 647, 651 (1990).

The Commonwealth does not seek to prove that the defendant actually or constructively possessed the drugs that were found on Figueroa, contrast *Commonwealth* v. *Frazier*, 410 Mass. at 244-245, but, rather, that the defendant transferred contraband to a third party. See note 1, *supra*; *Commonwealth* v. *Frazier*, *supra* at 245 n.6 ("[T]he Commonwealth may allege facts involving the distribution or dispensation of narcotics which do not involve possession as an essential element"). At that juncture, the defendant was both dispossessed of and disinterested in the contraband. See *Commonwealth* v.

---

[1]The criminal complaint charges that the defendant "did knowingly or intentionally manufacture, distribute or dispense a controlled substance . . . to wit: 4 bags crack cocaine."

*Garcia*, 34 Mass. App. Ct. at 391 ("At that stage of the transaction the defendant's interest is in the sale process — not the drugs"; "once possession or a claim of right to possession of the contraband ends, so does standing to contest the search").[2]

We reiterate our holding in *Garcia* and decline to grant automatic standing to the defendant to contest the warrantless search of Figueroa, as possession is not an essential element of the crime of distribution as charged here. Therefore, the defendant did not have a possessory interest in the drugs that were found on Figueroa's person.[3]

2. *Reasonable expectation of privacy.* Deciding as we do, we need not address the judge's second question.

*Conclusion.* The first reported question is answered, "No." There is therefore no need to answer the second reported question.

*So ordered.*

*Benjamin H. Keehn*, Committee for Public Counsel Services, for the defendant.

*Michelle R. King*, Assistant District Attorney, for the Commonwealth.

---

[2]The motion judge's concern that *Garcia* is contradicted by *Commonwealth* v. *Gagnon*, 387 Mass. 768 (1982), cert. denied, 461 U.S. 921, and 464 U.S. 815 (1983), cited in *Commonwealth* v. *Perry*, 391 Mass. 808, 814 (1984), is misplaced. The indictment in *Gagnon* charged that the defendants did "knowingly or intentionally manufacture, distribute, dispense, *or possess with intent* to manufacture, distribute, or dispense a controlled substance . . ." (emphasis supplied). *Commonwealth* v. *Gagnon, supra* at 769.

[3]In his brief, the defendant asserts that the facts alleged here support an inference that Figueroa was not a buyer, but rather a confederate who had jointly purchased the cocaine with the defendant, and that the defendant therefore retained joint possession of the drugs discovered. The agreed facts presented here do not allege the presence of a third party "seller." Contrast *Commonwealth* v. *Rodriguez*, 456 Mass. 578 (2010); *Commonwealth* v. *Blevins*, 56 Mass. App. Ct. 206 (2002).